FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 15  AM 8: 45

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARCHIE AMBO, JR. | CIVIL ACTION |
| VERSUS | NO. 05-2548 |
| HOSPITAL ADMINISTRATOR, SLIDELL MEMORIAL HOSPITAL ET AL. | SECTION "S" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Archie Ambo, Jr. has filed this action pro se and in forma pauperis against the hospital administrator of Slidell Memorial Hospital, the hospital itself and a surgeon at the hospital named Dr. Nuga, all of whose addresses he gives as 151 Gause Blvd., Slidell, LA 70460. His complaint states that he seeks to assert a medical malpractice claim against defendants based upon their alleged mishandling of his medical condition, "resulting in unnecessary surgery to my chest area."

Because the complaint contains no allegations sufficient to establish this court's subject matter jurisdiction, as required by Fed. R. Civ. P 8(a)(1), and it appears from the face of the complaint that this court lacks subject matter jurisdiction, since plaintiff and

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

all defendants appear to be citizens of the state of Louisiana and only a state law claim, with no federal question whatsoever, has been asserted, plaintiff was ordered to file no later than July 8, 2005, a written statement in this court sufficient to establish the court's jurisdiction, specifically alleging the domicile address of the defendant doctor and hospital administrator <u>and</u> the state of incorporation and principal place of business of the hospital, if any of these places are other than 151 Gause Blvd., Slidell, LA, together with the amount in controversy in his lawsuit or any federal law under which he proceeds. Plaintiff was instructed that failure to comply with the court's order or failure to assert allegations sufficient to establish the court's subject matter jurisdiction will result in dismissal of this lawsuit for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Record Doc. No. 5. No response from plaintiff to the court's order has been received. Accordingly,

For the following reasons, IT IS RECOMMENDED that the court dismiss plaintiff's complaint sua sponte for lack of subject matter jurisdiction.

## ANALYSIS

It is axiomatic that this court is one of limited jurisdiction and must examine and be satisfied of its own subject matter jurisdiction at all times. Subject matter jurisdiction "is nonwaivable and delimits federal-court power . . . . Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and

Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")). "Certainly, a federal court must always be satisfied that subject matter jurisdiction exists and must even raise the issue sua sponte . . . ." Free v. Abbott Labs., Inc., 164 F.3d 270, 272 (5th Cir. 1999) (citing Steel Co., 523 U.S. at 94-95).

It is equally axiomatic that the burden is on plaintiff to show the basis for subject matter jurisdiction. Boudreau v. United States, 53 F.3d 81, 82 (5th Cir. 1995). In the instant case, plaintiff's complaint does not allege a basis for either diversity, federal question or any other federal jurisdiction.

Plaintiff makes a claim for medical malpractice, a claim that arises exclusively under state law, but he does not allege diversity of citizenship jurisdiction, under 28 U.S.C. § 1332, the principal jurisdictional basis on which he may pursue a state law claim in this court. On the contrary, the complaint states that plaintiff resides in Slidell, Louisiana and that the hospital, its administrator and Dr. Nuga, are located in Slidell, Louisiana. All of the actions alleged in the complaint took place in Louisiana. There is no allegation that Dr. Nuga or the hospital administrator are citizens of a state other than

Louisiana. There is no allegation that the hospital is a non-Louisiana corporate entity with a principal place of business anywhere other than Louisiana. Accordingly, plaintiff has not shown any basis for jurisdiction based on diversity of citizenship.

As to federal question jurisdiction under 28 U.S.C. § 1331, plaintiff alleges no federal statute under which he might assert a malpractice action, and I can conceive of none that might apply to a local hospital like the defendant named in this case or to the allegations of medical incompetence asserted in the complaint.

In the instant case, plaintiff fails to allege any cognizable federal question, cannot establish diversity of citizenship and suggests no other basis for this court's exercise of jurisdiction.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, so that plaintiff may pursue his claims, if he desires to do so, in state court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

4

notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____ day of July, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE